IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM R. HOLT,

        Plaintiff,

        v.                                         CASE NO. 17-3149-SAC-DJW

KRISTEN PATTY, et al.,

        Defendants.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff William Holt is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this case should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. The Court also denies Plaintiff's requests for a preliminary injunction and for appointment of counsel.

### I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff filed a complaint on court-approved forms (Doc. 4), and attached his original non-compliant complaint (Doc. 1). The Court has considered Plaintiff's allegations as set forth in both complaints (together referred to as the "Complaint").

Plaintiff names as defendants: Kristen Patty, Attorney for Board of Indigent Defense; Patricia Scalia Director of the State Board of Indigent Defense Services; Jacob Fishman, Wyandotte County Prosecutor; Dan Schnurr, EDCF Warden; and Joe Norwood, KDOC Secretary

1

of Corrections. Plaintiff alleges that all defendants conspired to violate his First, Sixth and Fourteenth Amendment rights.

Defendant Fishman is the Wyandotte County Prosecutor that Plaintiff alleges illegally convicted him in his state criminal proceedings. Plaintiff alleges that he was illegally convicted in Wyandotte County District Court because: 1) the court lacked a factual basis upon which to accept Plaintiff's plea of no contest; and 2) the plea was the result of coercion.

Plaintiff alleges that he was provided with ineffective assistance of counsel in his state criminal case. Plaintiff alleges that Defendant Patty, who was appointed to represent him on his criminal appeal in state court, provided ineffective assistance of counsel, and Defendant Scalia assigned him ineffective counsel by appointing Patty to Plaintiff's case.

Plaintiff filed a motion for substitution of counsel in his criminal appeal on July 10, 2017, asking the court to remove Patty from his case and appoint substitute counsel. (Doc. 1–1, at 4.) The court denied the motion on July 17, 2017, finding that a criminal defendant is not guaranteed the right to counsel of choice and that "[i]f Appellant cannot work with Ms. Patty, Appellant will be allowed to proceed pro se or to retain counsel at his own expense." *Id.* at 12. On August 23, 2017, the Kansas Court of Appeals granted Plaintiff's motion to remove counsel, interpreted Plaintiff's motion as a request to proceed pro se, and granted that request. (Doc. 4–1, at 3.) The court reminded Plaintiff "that pro se litigants are required to follow all Supreme Court rules," and that his "brief is due by September 13, 2017." *Id.*

Plaintiff alleges that after Plaintiff was ordered to proceed pro se in his criminal appeal, Defendant Schnurr, Warden at EDCF, and Defendant Norwood, Secretary of KDOC, refused to allow Plaintiff to debit the cost of indigent legal mail and copies to his account, thereby preventing Plaintiff from copying and mailing pleadings in the state court action and depriving him access to

the courts. Plaintiff alleges that Defendants Schnurr and Norwood "will periodically allow Plaintiff copies or legal mail, and then shut him down, without warning [and] delaying filings." (Doc. 4, at 13). Plaintiff claims he has been forced to sell food or other meaningful items to obtain postage or legal copy tickets. *Id*.

Plaintiff attaches an EDCF Request for Legal Postage Credit dated May 15, 2017. (Doc. 1–1, at 49.) On May 16, 2017, the warden's designee recommended denial of the request because Plaintiff's postage credit was "in excess of $100.00 limit," and the warden disapproved the credit on May 18, 2017. *Id*. Plaintiff also attaches a KDOC Account Withdrawal Request dated August 17, seeking $10.00 payable to the EDCF Law Library for Indigent Legal Copies, which was approved by the unit team. *Id*. at 50. Plaintiff attaches a Form 9 Inmate Request to Staff Member dated August 28, 2017, in which he notifies staff that he is proceeding pro se in his direct appeal from his criminal conviction. (Doc. 4–1, at 1.) In the form, Plaintiff requests an extension of his credit for legal copies to allow him to comply with court orders in his appeal. Staff responds on September 6, 2017, that "[i]n accordance with IMPP 12-102 copy services are limited to $50.00, as your legal copies total is at $296.75 this does not allow you copies at this time." *Id*.

The Chief Deputy Clerk of the Kansas Court of Appeals notified Plaintiff by letter dated August 14, 2017, that her office had received a letter from Plaintiff postmarked August 7, 2017, with an enclosed document titled "Request for Remand and Rehearing." (Doc. 1–1, at 24.) The clerk notified Plaintiff that the clerk's office could not file the document because Plaintiff was represented by counsel in his appeal, and under Kansas Supreme Court Rule 5.01(d) "[a] party represented by counsel may file a motion on the party's own behalf **only** to remove counsel or to file a supplemental brief." *Id*.

Plaintiff's request for relief includes a request for a temporary restraining order preventing defendants from denying him access to the courts; and the appointment of legal counsel "to aid in the preparation of a Petition for Writ of Mandamus pursuant to Supreme Court Rule 901 and to aid him in filing meaningful legal document to the Kansas Appellate Courts." Plaintiff also asks the Court to exercise supplement jurisdiction over his tort claim against Defendant Patty "for legal malpractice and breach of contract to a third party beneficiary (Plaintiff)." (Doc. 4, at 7.)

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

5

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. *Defendants Patty, Scalia and Fishman*

Plaintiff's allegations against Defendants Patty, Scalia and Fishman relate to his state criminal proceedings. Plaintiff alleges that Defendant Fishman, as the Wyandotte County Prosecutor, illegally convicted him, because: 1) the court lacked a factual basis upon which to accept Plaintiff's plea of no contest; and 2) the plea was the result of coercion. Plaintiff alleges that Defendant Patty provided ineffective assistance of counsel, and Defendant Scalia assigned him ineffective counsel by appointing Patty to Plaintiff's case.

First, to the extent Plaintiff challenges the validity of his sentence or conviction, his federal claim must be presented in habeas corpus. However, because it appears an appeal remains pending in Plaintiff's criminal action,[1] a petition for habeas corpus is premature. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Finally, in any event, Plaintiff's claims against Defendant Fishman, the Wyandotte County Prosecutor, fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions brought under 42 U.S.C. § 1983 that are "intimately

---

[1] On-line records maintained by the Kansas appellate courts reflect that Plaintiff's Appeal No. 117484 remains pending.

associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function. In addition, Plaintiff has not shown that his state court attorney was acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009).

Plaintiff is directed to show cause why his claims against Defendants Patty, Scalia and Fishman should not be dismissed. Plaintiff asks the Court to exercise supplemental jurisdiction over his malpractice and breach of contract claims against Defendant Patty. Because the Court finds that Plaintiff's federal claims against Defendant Patty are subject to dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Beauclair v. Roberts*, No. 14-3022-SAC, 2015 WL 197332, at *4 (D. Kan. Jan. 14, 2015) (finding that unless the complaint evinces a federal constitutional violation, this court does not have supplemental jurisdiction over state law claims, and state law violations generally fail to present a claim under § 1983). The Court offers no opinion on the merits of any claim Plaintiff may present in state court on a theory of legal malpractice or breach of contract.

### 2. Conspiracy Claim

Plaintiff's conclusory allegations of a conspiracy are insufficient to state a claim. A conspiracy claim under § 1983 requires the allegation of "specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). In addition, a plaintiff must allege facts showing an actual deprivation of a constitutional right. *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (in

order to prevail on a section 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right").

Plaintiff's conspiracy claim is subject to dismissal for failure to allege adequate facts to establish the elements of this claim. As noted, in order to state a claim of conspiracy, a plaintiff must allege facts showing both an agreement and an actual deprivation of a constitutional right. *See Thompson*, 58 F.3d at 1517. Plaintiff's Complaint does neither. Even though Plaintiff's allegations are accepted as true on initial review, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. Plaintiff's complaint asserts conclusory and speculative claims of conspiracy with no supporting factual allegations. Such bald assertions fail to state a viable claim for relief. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

### 3. *Denial of Access to the Courts*

It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must

8

demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

A plaintiff must first allege facts in his complaint suggesting an actual injury, "an essential requirement of a denial of access claim." *Harrison*, 24 F. App'x at 967 (citing *Lewis v. Casey*, 518 U.S. 343, 351–52 (1996)). Plaintiff has failed to allege an actual injury. "It is not enough for [plaintiff] to state that he is unable to file motions or briefs." *Id*. Plaintiff's state court proceedings are still pending and he has not alleged an injury resulting from his failure to file motions or briefs.

Plaintiff raised the same arguments in one of his prior cases before this Court. *See Holt v. Werholtz*, No. 05-3204-SAC. Plaintiff claimed that prison restrictions on his pro se appellate filings violated his right of access to the courts. *See id*. at Doc. 13. The Court found that Plaintiff failed to show that he was denied the right to present a nonfrivolous legal claim to the state courts concerning his conviction and sentence, or concerning the conditions of his confinement. *Id*.

The Tenth Circuit Court of Appeals affirmed the Court's decision, finding that "even assuming Holt has shown an actual injury, he has not shown that this injury resulted from the defendants' actions." *Id*. at Doc. 23, at 6. The Tenth Circuit also found that:

> Moreover, "[a] prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine, particularly when . . . there are suitable alternatives." *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980). "When an inmate's access to the courts is not unduly hampered by the denial of access to such machinery, he cannot complain." *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1980). Kansas Supreme Court Rule 5.01(a) only requires that three *legible* copies of a pleading be filed with the original in the Kansas Court of Appeals. Therefore, Holt had a reasonable alternative to photocopying his motions—he could have produced three hand-written copies of his motions.

*Id*. at 7.

"Although there is some responsibility to provide an inmate with the incidentals necessary to pursue legal action, reasonable restrictions based upon budgetary concerns are acceptable." *Harrison v. Bent Cty. Corr. Facility*, 24 F. App'x 965, 967 (10th Cir. 2001) (unpublished) (citing *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980) (copying); *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978) (postage); *Blaise v. Fenn*, 48 F.3d 337, 339–40 (8th Cir. 1995)). "This would include reasonable limits on amounts 'advanced' to inmates for copying and postage." *Harrison*, 24 F. App'x at 967; *see also Beauclair*, 2015 WL 197332, at *6 ("Prison officials are not constitutionally required to provide an inmate with all the writing materials, postage, or photocopying that he desires or demands, at taxpayer expense.").

The Kansas Department of Corrections' Internal Management Policy and Procedure ("IMPP") 12–127 provides that "[i]ndigent inmates shall receive a pencil, sufficient writing paper, envelopes, and postage for not more than four (4) first-class, one once, domestic letters per month." IMPP 12–127(II)(A). *See Robertson v. KDOC*, 2007 WL 852659, at *1 (D. Kan.

March 20, 2007) (finding that IMPP 12–127 is consistent with the Tenth Circuit's holding that while prisoners have a fundamental constitutional right to adequate, effective, and meaningful access to the courts, the right does not provide prisoners with an unlimited right to free postage). Plaintiff has failed to show that Defendants' denial of additional credit for postage and copying has caused him injury, as opposed to his own failure to use his monthly allotment in a responsible manner. *See Beauclair*, 2015 WL 197332, at \*6 (finding that plaintiff failed to show that he has used his monthly allotment of writing materials or photocopying privileges in a responsible manner, and that his litigation habits in the court have not shown reasonable restraint); *see also Spry v. Winkelbauer*, No. 11-3190-SAC, 2012 WL 3234459, at \*4 (D. Kan. Aug. 6, 2012) (finding no claim for a denial of access to the courts where the record shows plaintiff was able to submit papers to the state district court, and there is no suggestion that that court would not accept handwritten copies, and the denial of legal copies came only after plaintiff had been afforded hundreds of dollars in credit for copying and postage).

Furthermore, Plaintiff has not alleged an equal protection violation. Plaintiff has not shown that he is similarly situated to other inmates given his large debt. Because neither prisoners nor indigents constitute a suspect class, the challenged policy need only bear a rational relationship to legitimate government ends. *Harrison*, 24 F. App'x at 967. "At some point, the institution may limit the amount of advances to an inmate to preserve funds and encourage inmate responsibility without denying access to the courts." *Id*. (citing *Blaise*, 48 F.3d at 340 (system which allowed $3.50 advance and an additional $3.50 for exceptional need with approval of the deputy warden was "rationally related to the goal of preserving resources by placing some limit on the free postage given to inmates, and to the goal of encouraging inmates to manage their money

intelligently by leaving the decision of how to spend their monthly allowance in inmates' own hand")).

Plaintiff's denial of access to the court claim is subject to dismissal for failure to state a claim. Plaintiff is also given an opportunity to file an amended complaint setting forth additional facts alleging an actual injury caused by Defendants.

## IV. Motion for Injunctive Relief and Restraining Order

Plaintiff has filed motions for injunctive relief and restraining order (Docs. 6, 14). Plaintiff alleges that several pleadings have been returned due to Defendants' refusal to copy his motion to serve on defendants and the outright refusal to provide postage has prevented Plaintiff from filing additional motions and requests with the state court. Plaintiff attaches various requests for postage and/or photocopying that were denied by Defendants.[2]

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or

---

[2] Plaintiff submitted EDCF Requests for Legal Postage Credit on September 5, 2017, seeking postage to mail items to the Wyandotte County Attorney and the Kansas Attorney General. (Doc. 6–1, at 65–66.) The requests were denied as exceeding the limit set forth in IMPP 12-127IIC2a. *Id.* Plaintiff filed another request on August 11, 2017, and it was denied pursuant to IMPP 12-127IIC2a on August 31, 2017. *Id.* at 76. Plaintiff has also attached an inmate request dated September 24, 2017, seeking photocopy credit that was denied. (Doc. 15, at 8.)

presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

The allegations Plaintiff makes do not establish that injury is "certain . . . and not theoretical." *See Heideman*, 348 F.3d at 1189. He has not alleged that injury is more than "merely feared as liable to occur at some indefinite time in the future." *See Connecticut*, 282 U.S. at 674.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

Plaintiff's motion for injunctive relief attaches multiple documents that he has successfully filed in his state court criminal proceedings. *See, e.g.,* Doc. 6–1, at 4 (Motion for Leave to File Motion to Reconsider Judgments Entered July 14, 2017, filed August 7, 2017); *id.* at 26 (Pray for Evidentiary Hearing filed July 17, 2017); *id.* at 34, 36 (Notice of Appeal filed August 23, 2017, and Motion for Leave to File Notice of Appeal filed August 23, 2017). On-line records maintained by the Kansas appellate courts reflect that Plaintiff's Appeal No. 117484 remains pending, and on September 18, 2017, he filed a motion requesting remand.

Plaintiff has also experienced difficulty in filing motions in state court due to his failure to follow court rules and procedures. Plaintiff attaches a letter from the Chief Deputy Clerk of the Appellate Courts of Kansas, stating that his motion for extension of time received on September 11, 2017, could not be filed because it did not comply with Supreme Court Rule 5.01's requirement "that each motion must contain only a single subject." *Id*. at 67. The letter also notes that Plaintiff's motion for extension of time fails to comply with Rule 5.02's requirement that motions for extension of time must include the present due date, the number of extensions previously requested, and the amount of additional time needed. *Id*.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. At this point in the proceedings, the Court has directed Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim. Therefore, Plaintiff's claims have not survived the initial screening required by 28 U.S.C. § 1915. For this reason, Plaintiff's motion for injunctive relief is denied at this time.

### V. Requests for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel (Doc. 12). Plaintiff also makes requests for appointment of counsel throughout his pleadings, including requests that the Court appoint counsel in his state court criminal proceedings. *See, e.g.*, Doc. 4, at 14 (requesting appointment of counsel and seeking an injunction removing Patty and requiring Scalia to appoint replacement counsel). This Court does not appoint counsel for proceedings in other courts and any request for such relief is denied.

The Court has also considered Plaintiff's request for appointment of counsel in the present

case. Plaintiff argues that he is at a disadvantage if he represents himself, his case is complex, his access to the courts is limited, and he is indigent. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies Plaintiff's request for appointment of counsel in this case without prejudice to refiling a motion if Plaintiff's Complaint survives screening.

## VI. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper

15

Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[3] Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court, and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for appointment of counsel (Doc. 12) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motions for injunctive relief and restraining order (Docs. 6, 14) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 27, 2017,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

---

[3] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete Amended Complaint. *See* Fed. R. Civ. P. 15. An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (17-3149-SAC-DJW) at the top of the first page of his Amended Complaint and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **October 27, 2017**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 29th day of September, 2017.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**