# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WILLIAM R. HOLT,**

    **Plaintiff,**

    v.                                                           **CASE NO. 17-3149-SAC**

**KRISTEN PATTY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff filed a complaint on court-approved forms (Doc. 4), and attached his original non-compliant complaint (Doc. 1). The Court has considered Plaintiff's allegations as set forth in both complaints (together referred to as the "Complaint"). On September 29, 2017, the Court entered a Memorandum Order and Order to Show Cause ("MOSC") (Doc. 16), giving Plaintiff until October 27, 2017, to either show cause why his case should not be dismissed for the reasons set forth in the MOSC or to file a proper amended complaint.

In the MOSC, the Court found that, to the extent Plaintiff challenges the validity of his sentence or conviction, his federal claim must be presented in habeas corpus. However, because it appears an appeal remains pending in Plaintiff's criminal action,[1] a petition for habeas corpus is premature. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court

---

[1] On-line records maintained by the Kansas appellate courts reflect that Plaintiff's Appeal No. 117484 remains pending.

remedies). Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff's claims against Defendant Fishman, the Wyandotte County Prosecutor, fail on the ground of prosecutorial immunity. In addition, Plaintiff has not shown that his state court attorney was acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009). The Court also found that Plaintiff's conclusory allegations of a conspiracy are insufficient to state a claim. Lastly, the Court found that Plaintiff's denial of access to the court claim is subject to dismissal for failure to state a claim. Plaintiff was given an opportunity to file an amended complaint setting forth additional facts alleging an actual injury caused by Defendants.

The Court's MOSC required Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated therein. Plaintiff was also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed therein. The MOSC provides that "[i]f Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint." Plaintiff has failed to address the deficiencies and has failed to file an amended complaint.[2] The Court finds that this case should be dismissed due to the deficiencies set forth in the MOSC.

---

[2] On October 3, 2017, Plaintiff filed a "Request for Addition to the Record" (Doc. 17). The Request states that on September 29, 2017, the Unit Team provided Plaintiff with copies of his Memorandum in Support of Motion to

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 31st day of October, 2017.**

<pre>
                                    S/ Sam A. Crow
                                    Sam A. Crow
                                    U.S. Senior District Judge
</pre>

---

Remand in his state court case, noting that no further copies would be provided without copy tickets. On that same date, Plaintiff received two indigent mail requests back. Plaintiff attaches to the Request a letter to Governor Sam Brownback that he intends to mail. The Request does not address the deficiencies set forth in the MOSC.